UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JONATHAN ROSENBAUM and
GEORGINA ROSENBAUM,
                Plaintiffs,

-against-

UNILEVER BEST FOODS, STERLING GROUP,
and CHRIS DELLORCO,
                Defendants.
------------------------------------------------------------x

**06 CV 2536**

Civ. Action No.

JUDGE PRESKA

COMPLAINT

RECEIVED
MAR 31 2006
U.S. ... N.Y.
... IERS

      Plaintiffs, by their attorneys, Joel L. Hecker, Esq. of Russo & Burke, as and for their complaint against defendants herein, allege as follows:

## JURISDICTION

      1.     This action arises under Title 17 of the United States Code, and jurisdiction is vested in this Court under 28 U.S.C. Sec. 1338. Proper venue exists under 28 U.S.C. Sec. 1400(a) in that defendants reside, do business and/or may be found in this district and certain of the transactions complained of occurred in this district.

## THE PARTIES

      2.     Plaintiffs are, and at all relevant times herein have been, residents of Stamford, CT.

      3.     Upon information and belief, defendant Unilever Best Foods ("Unilever") is a corporation with its principal offices at 800 Sylvan Avenue, Engelwood Cliffs, NJ 07632, and is engaged in multiple businesses on a worldwide basis including the manufacture, distribution and sale of food products under the name and label of Hellmann's.

      4.     Upon information and belief, defendant Sterling Group ("Sterling") is a New

York Corporation with its principal offices at 350 Fifth Avenue, 17th Floor, New York, NY 10118, engaged in, *inter alia*, package design services on a worldwide basis.

5. Upon information and belief, defendant Chris Dellorco ("Dellorco") resides at 1214B South West Lake Blvd., West Lake Village, CA 91361 and is a commercial illustrator specializing in creating illustrations and artwork of food products.

## COUNT I
## COPYRIGHT INFRINGEMENT

6. Plaintiffs are, and at all relevant times herein have been, well established and renowned commercial artists, who are engaged in the business of creating professional illustrations, and particularly those of food products. Plaintiffs are especially known for the exacting detail and realism of their work and have as their clients some of the world's largest corporations which manufacture and sell food products to the consuming public.

7. In or about November 2003, plaintiffs, at the specific request of Unilever and its then advertising and or design firm agency, and on assignment for them, created illustrations of lettuce and tomato elements for use as comp art only, for an unspecified Unilever's Hellmann's product, and for no other purposes. In addition, plaintiffs delivered various preliminary renditions of other art to Unilever's then advertising or design firm agency and Unilever, for use as back panel art on Unilever's Hellmann's Brand Dippin' Sauce, and no other purpose. Final illustrations were delivered to Unilever and such firm on or about August 12, 2003.

8. These final illustrations were of a "Dippin' Sauce" Ham Sandwich, lettuce and tomato, and a Pretzel (the "Copyrighted Illustrations"). The Copyrighted Illustrations were and are wholly original to plaintiffs and are copyrightable subject matter under the copyright laws of the United States.

9.  Plaintiffs, by causing the creation of the Copyrighted Illustrations, thereby secured the exclusive rights granted to the author of copyrightable work under the copyright laws of the United States.

10. Since the creation of the Copyright Illustrations, publication of same by plaintiffs or under their authority or license have been in strict conformity with the provisions of the copyright laws.

11. Since the creation of the Copyrighted Illustrations, plaintiffs have been the sole proprietors of all rights, title and interest in and the copyright of said Illustrations.

12. Prior to the commencement of this action, plaintiffs complied in all respects with the United States Copyright Act and all other laws governing copyrights by filing the Copyrighted Illustrations with the United States Copyright Office, along with payment of the requisite fees. Plaintiff thereafter obtained registration of the Copyrighted Illustrations under Certificate No. VA 1-339-401. A copy of said Registration Certificate is annexed hereto as Exhibits "A".

13. At some point after delivery of the Copyrighted Illustrations to Unilever, Sterling became the successor advertising or design firm of record for Unilever for these products.

14. After delivery of the Copyrighted Illustrations to Unilever, Unilever and Sterling, upon information and belief, decided to use the Copyrighted Illustrations on the packaging for other Hellmann's products and in connection therewith delivered one or more digital files containing the Copyrighted Illustrations to Dellorco, for Dellorco to execute art utilizing plaintiffs' Copyrighted Illustrations.

15. Dellorco, who had previously entered into a Settlement Agreement with plaintiffs concerning a prior infringement by Dellorco of other copyrighted art of plaintiffs, knew, or

should have known, that the Copyrighted Illustrations were protected art and that Dellorco could not use such art without consent of the copyright owner.

16. Nevertheless, Dellorco created illustrations at the direction of Sterling and Unilever, which consisted of front panels for five additional Hellmann's products (collectively the "Infringing Art"). The Infringing Art consists of the following:

a) Hellmann's Lite Mayonnaise (copying and reproducing plaintiffs' lettuce and tomato original digital elements)

b) Hellmann's Real Mayonnaise (copying and reproducing plaintiffs' Dippin' Sauce Ham Sandwich original digital elements)

c) Hellmann's Dijonaise (copying and reproducing plaintiffs' Ham Sandwich original digital elements but not the bun)

d) Hellmann's Honey Mustard (copying and reproducing plaintiffs' pretzel art)

e) Hellmann's Deli Brown Mustard (copying and reproducing plaintiffs' lettuce and mustard squibble original digital elements)

17. Comparisons of plaintiffs' Copyrighted Illustrations and the Infringing Art are attached hereto as Exhibit B and highlight the elements infringed.

18. Unilever and Sterling have used the Infringing Art on packaging for Hellmann's products which are, and continue to be, sold to consumers in New York and worldwide, all without the authorization, knowledge or consent of plaintiffs.

19. In addition, Dellorco has used the Infringing Art for his own promotional purposes, without the authorization, knowledge or consent of plaintiffs.

20. Plaintiffs made due demand upon defendants to cease and desist all such infringing uses of the Copyrighted Illustrations.

4

21.     Defendants refused to cease and desist from such use, and continue to use the Infringing Art on Hellmann's products.

22.     These uses of the Infringing Art, without plaintiffs' permission, authorization or consent, were deliberate infringements of plaintiffs' copyright in their work.

23.     Defendants have thus infringed plaintiffs' exclusive rights in the copyright to the Copyrighted Illustrations, in violation of Sections 106(2) and (5) of the Copyright Act of 1976, 17 U.S.C. Sections 106(2) and (5).

WHEREFORE, plaintiffs demand judgment against defendants, jointly and severally, as follows:

1)     that defendants, their agents, servants, employees, officers, attorneys and all those persons in active concert or participation with each and any of them be enjoined during the pendency of this action and permanently, from directly or indirectly infringing of plaintiffs' Copyrighted Illustrations in any manner, and from publishing the Infringing Art.

2)     that defendants be required to deliver up to plaintiffs to be impounded during the pendency of this action, all material infringing the Copyrighted Illustrations, which are in their possession or under their control, and to deliver up for destruction any material used in the making or publishing of such Infringing Art;

3)     for an accounting of the proceeds derived by defendants from the publication, reproduction, display and sale of the Infringing Art and upon such accounting, that defendants pay to plaintiffs all monies determined to be benefits generated by or arising from use of such Infringing Art, and the damages which plaintiffs have suffered as a result of such infringement;

4)     that defendants pay to plaintiffs statutory damages provided by statute for each act by defendants of copyright infringement; and

      5)    that defendants pay to plaintiffs all the costs and expenses of this action, including reasonable attorneys' fees to be assessed by the Court, plus interest as appropriate, and such other and further relief as to this Court seems just and proper.

Dated: New York, New York  
       March 27, 2006

                                        Russo & Burke

                                    By: _____  
                                        Joel L. Hecker (JH 0842)  
                                        Attorneys for Plaintiffs  
                                        600 Third Avenue  
                                        New York, New York 10016  
                                        (212) 557-9600

C:\WPWIN\Rosenbaum\Complaint.Hellmann's.wpd 11,878

EXHIBIT "A"

Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VA 1-330-401

MAR 10 2005

---

**1** Title of This Work: Rosenbaum Illustration 2003 Compilation
Nature of This Work: Digital Illustrations

**2** Name of Author:
a. Jonathan Rosenbaum — Year Born: 1956 — Citizen of USA — Anonymous: No — Pseudonymous: No
Nature of Authorship: ☒ 2-Dimensional artwork

b. Georgina Bird Rosenbaum — Year Born: 1958 — Citizen of USA — Anonymous: No — Pseudonymous: No
Nature of Authorship: ☒ 2-Dimensional artwork

**3** a. Year in Which Creation of This Work Was Completed: 2003
b. Date and Nation of First Publication: Month DEC  Day 31  Year 2003

**4** Copyright Claimant(s):
Jonathan Rosenbaum
4 Carroll St.
Stamford, CT 06907

APPLICATION RECEIVED: OCT 27 2005
ONE DEPOSIT RECEIVED: MAR 10 2005
FUNDS RECEIVED

EXAMINED BY M/sdw

CHECKED BY

CORRESPONDENCE
Yes

FORM VA

FOR COPYRIGHT OFFICE USE ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 of this application.
If your answer is "Yes," give: Previous Registration Number ▼    Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                    Account Number ▼

**7a**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Jonathan Rosenbaum
4 Carroll St.
Stamford CT- 06907

**7b**

Area code and daytime telephone number (203) 324-4558    Fax number (    )
Email  jongeorge@aol.com

**CERTIFICATION** I, the undersigned, hereby certify that I am the
check only one ▶
☒ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Jonathan Rosenbaum                          Date 10/30/05

Handwritten signature (X) ▼
X _____

Certificate will be mailed in window envelope to this address:

Name ▼
Jonathan Rosenbaum

Number/Street/Apt ▼
4 Carroll St.

City/State/ZIP ▼
Stamford, CT- 06907

**9**

EXHIBIT "B"

# Scan of Hellmann's Label

# Original Rosenbaum Artwork



The base art for the Hellmann's Light Mayonnaise label is the above Rosenbaum artwork that was provided to The Sterling Group and Hellmann's on November 6th, 2003 FOR COMP USE ONLY. *One area has been cloned in from the original artwork to add a rounded edge*, but all lights, darks, shading, veining, folds and shapes are exactly the original lettuce file. The tomato drops are the original layered drops provided on the original illustration in the same position. The only differences in color or loss of detail are because of the difference between an original file and a scanned, printed label.